

CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA



15-010094

NEIL PERELLO

PLAINTIFF(S),

VS.

AMERICAN SECURITY INSURANCE COMPANY

DEFENDANT(S).
_____/

SUMMONS, IMPORTANT, COMPLAINT, DISCOVERY

CASE #:    15-000713 CA-01
COURT:     CIRCUIT COURT
COUNTY:    DADE
DFS-SOP#:  15-010094

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 28th day of January, 2015 and a copy was forwarded by Electronic Delivery on the 30th day of January, 2015 to the designated agent for the named entity as shown below.

AMERICAN SECURITY INSURANCE COMPANY
LYNETTE COLEMAN
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

THOMAS J. MORGAN, JR.
SUITE 404
55 MERRICK WAY
CORAL GABLES FL 33134

CYA

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

NEIL PERELLO,

    Plaintiff,

v.

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.
_____/

CASE NO.: 15-000713 CA 01

FLORIDA BAR NO.: 127612

**SUMMONS**

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

GREETINGS:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, First Set of Interrogatories and First Request for Production in the above styled cause upon the Defendant:

    **AMERICAN SECURITY INSURANCE COMPANY**
    c/o Florida Chief Financial Officer as RA
    200 East Gaines Street, Tallahassee, FL 32399-4201

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

    THOMAS J. MORGAN, JR., ESQUIRE
    **MORGAN LAW GROUP**
    55 Merrick Way, Suite 404
    Coral Gables, Florida 33134
    Email: mlg.eservice@yahoo.com
    Phone: (305) 569-9900

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

JAN 2 2 2015

WITNESS my hand and the seal of the Court on _____, 2015.

    Clerk of County Court
    MICHELLE GONZALEZ

By:_____
    DEPUTY CLERK

(COURT SEAL)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANTE

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer votre reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la causa ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 15-000713 CA 01

FLORIDA BAR NO.: 127612

NEIL PERELLO,

    Plaintiff,

v.

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **NEIL PERELLO**, by and through undersigned counsel, and hereby sues the Defendant, **AMERICAN SECURITY INSURANCE COMPANY** (hereinafter referred to as "AMERICAN SECURITY"), and in support thereof alleges as follows:

1. This is an action for an amount in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of attorney fees, costs, and interest.

2. At all times material hereto, the Plaintiff, NEIL PERELLO, was and is a resident of Miami-Dade County, Florida and *sui juris*.

3. At all times material hereto, the Defendant, AMERICAN SECURITY, was and is an insurance company authorized to and does write homeowners insurance policies within the State of Florida, and specifically within Miami-Dade County, Florida.

4. At all times material hereto, the Plaintiff was the owner of the property located at

13005 SW 232ND Street, Miami, Miami-Dade County, Florida.

5. That at all times material hereto, the subject property was insured under a policy of insurance issued by the Defendant to Plaintiff; specifically policy number: ALR445260702. (A copy of the policy is not attached hereto, but the Defendant has it within its possession).

6. At all times material hereto, the policy of insurance was in full force and effect.

7. The policy of insurance provides, in pertinent part, that the Defendant, AMERICAN SECURITY, provides coverage for property damage, including contents, rendered to Plaintiff's subject property that are the result of an accident, whether natural in cause or not, and said policy is required to comply with the provisions of Florida Law.

8. That on or about July 20, 2014, the Plaintiff's property was damaged directly and/or indirectly by water due to a roof leak.

9. That as a result thereof, Plaintiff sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures.

10. That the Plaintiff did forthwith give timely notice to Defendant of such loss, and did thereafter deliver to the Defendant, AMERICAN SECURITY, a full and particular account of the Plaintiff's expenses and losses as a result of the said accident.

11. The Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiff's damages and/or loss, and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiff's contract with

AMERICAN SECURITY.

12. The Plaintiff has complied with all conditions precedent to bringing the instant cause, and/or all such conditions have been waived by the Defendant.

13. That the Defendant's conduct has caused the Plaintiff to retain the services of the undersigned counsel to represent him in this action, and Plaintiff is entitled to attorney fees and costs under Sections 627.428, Florida Statutes.

**WHEREFORE**, the Plaintiff, **NEIL PERELLO**, demands judgment against the Defendant, **AMERICAN SECURITY INSURANCE COMPANY**, for damages, interest, attorney fees, costs, and any other such relief that this Honorable Court deems just and proper.

**DEMAND** is hereby made for trial by jury of all issues so triable, as a matter of right.

**DATED** this 13th day of January, 2015.

> Thomas J. Morgan, Jr., Esquire
> **MORGAN LAW GROUP, P.A.**
> Attorneys for Plaintiff
> 55 Merrick Way, Suite 404
> Coral Gables, Florida 33134
> Phone: 305.569.9900
> Fax    : 305.443.6828
> Pleadings only: mlg.eservice@yahoo.com
>
>
> By: _/s/ Thomas J. Morgan, Jr._
>      Thomas J. Morgan, Jr.

/rdb

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:15-000713 CA 01

FLORIDA BAR NO.: 127612

NEIL PERELLO,

    Plaintiff,

vs.

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW**, the Plaintiff, **NEIL PERELLO**, by and through undersigned counsel, pursuant to Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure, and propounds upon the Defendant, **AMERICAN SECURITY INSURANCE COMPANY**, the attached eleven (11) Interrogatories to be answered under oath and in writing within **forty-five (45) days** after service thereof.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

                  Thomas J. Morgan, Jr., Esquire
                  **MORGAN LAW GROUP, P.A.**
                  *Counsel for Plaintiff*
                  55 Merrick Way, Suite 404
                  Coral Gables, Florida 33134
                  Phone: 305.569.9900
                  Fax   : 305.443.6828

/tm

                  By: */s/ Thomas J. Morgan, Jr.*
                        Thomas J. Morgan, Jr.

## INTERROGATORIES TO DEFENDANT

"You(r)" as used in these Interrogatories means your corporation, company or partnership, or anyone who handles, adjusts or investigates claims on its behalf.

1. State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in any particular county, and whether your name as it appears in the Plaintiff's Complaint is correct.

2. State the name, residence address, business address, telephone number, and position/job title of the individual answering these Interrogatories.

3. List the names, addresses and telephone numbers of all persons believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken, and who has present possession, custody and control of any such statements.

4. State any and all provisions of the subject policy relied upon by Defendant for denial, non-payment and/or reduction of Plaintiff's claim.

5. List the names, residence addresses, business addresses and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have in

any way participated in the investigations, adjusting or handling of the Plaintiff's claim involved herein and specify the date and the nature of the participation of each such person.

6. Do you intend to call upon any expert witness at the trial of this case? If so, please identify each witness as follows: his/her name, qualifications as an expert, substance of their opinions to which they are expected to testify, summary of the factual grounds for each opinion, and provide a list of all claim files and/or court cases for which you have hired the same expert witness in the last two (2) years.

7. For any and all policy defenses which you reasonably believe are available with regard to the claim made by the Plaintiff herein: describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each and every person believed or known by you, your agents, representatives, or attorneys, to have any knowledge of the facts which provide the basis for any such defenses.

8. Provide a complete list of all payments made to or on behalf of the Plaintiff for the subject loss, specifying the nature of the services rendered, the provider of the services, the amount of the charges, the date the charges were incurred, the date you first had notice of the charges, and the date the charges were paid by you.

9.     List the names, addresses and official positions of each and every person in your employ or in the employ of anyone on your behalf, who has had any involvement in the review of the denial or withholding of payment of the Plaintiff's claim and state in what capacity they were involved, the date they were involved and the nature of their involvement.

10.    With regard to the Plaintiff's First Request to Produce, for each item on the Request to Produce of which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state, with respect to each such document.

(a)    The date of the document; the number of pages of the document; the type of document involved and its general subject matter without disclosing its contents; and, the names, business addresses, residence addresses and telephone numbers of all persons who prepared the document or to whom the document was directed.

(b)    The privilege upon the Defendant relies on withholding the document; all facts upon which the Defendant relies in support of the privilege; the names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the documents;

(c)    Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

11.    With regard to each and every one of the above Interrogatories, for each Interrogatory which you are refusing to answer, claiming a privilege (work product/attorney-client/etc.), please state:

(a)    The privilege upon which Defendant relies in refusing to answer the Interrogatory, and, all facts which are relied upon in support of the privilege.

(b) The names, residence addresses, business addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the information.

(c) Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

Affiant: _____

**STATE OF FLORIDA**       :
                                               :
**COUNTY OF** _____ :

BEFORE ME, the undersigned authority, personally appeared _____

_____, who, being first duly sworn, on oath deposes and says that the foregoing Answers to Interrogatories are true and correct, and that he/she has read the Answers to Interrogatories and knows the contents thereof.

**SWORN TO AND SUBSCRIBED** before me this ___ day of _____, 20___.

_____
NOTARY PUBLIC

My commission expires:

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:15-000713 CA 01

NEIL PERELLO,                    FLORIDA BAR NO.: 127612

    Plaintiff,

vs.

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW**, the Plaintiff, **NEIL PERELLO**, by and through undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant, **AMERICAN SECURITY INSURANCE COMPANY**, produce legible copies of the following documents to the Plaintiff within **forty (45) days** after service of this request:

1. A true and correct certified copy of the applicable insurance policy issued by Defendant to Plaintiff, including any and all endorsements in effect at the time of the subject loss.

2. Any and all time sheets, logs and/or other documents reflecting the time spent by Defendant and/or it's agents at the Plaintiff's property after notification of the subject loss.

3. Any and all statements, whether written, oral or recorded, taken of the Plaintiff(s)

and/or their agents, servants, employees, etc., in regards to the subject matter of this litigation.

4. Any and all statements, whether written, oral or recorded, taken of non-parties in regards to the subject matter of this litigation.

5. Any and all invoices and bills reflecting payments made by the Plaintiff with regards to premiums for the subject policy issued by Defendant.

6. Any and all correspondence or other written communication from Defendant to Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss.

7. Any and all correspondence or other written communication from Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss prior to the institution of this litigation.

8. Any and all photographs, videos and/or drawings made by Defendant or it's agents and/or representatives of the Plaintiff's property which is the subject matter of this litigation.

9. A copy of the entire underwriting file for the subject policy of insurance.

10. A copy of the entire claim file, including any table of contents, computer notations, summaries, for the subject loss, excluding any documents to which a privilege claim may exist. Please provide a 'Privilege Log' detailing any such documents that are being withheld and the basis for the privilege.

11. Any and all policies, rules, regulations, memorandums, guidelines and/or procedure manuals regarding Defendant's process for investigating, evaluating and/or settling of homeowner claims.

12. Any and all manuals, instructions and/or other materials relied upon by Defendant in the training of adjusters and/or appraisers regarding homeowner claims.

13. Any and all estimates prepared by Defendant and/or it's agents and/or representatives regarding the subject claim of the Plaintiff.

14. Any and all reports and/or other documents prepared by experts retained in this matter on behalf of the Defendant.

15. A copy of any and all reports by any general contractor, engineer, roofer, electrician or other construction personnel hired by Defendant to examine and/or evaluate any aspect of the Plaintiff's subject claim.

16. Copies of any and all drafts issued by Defendant to the Plaintiff for payment of any aspect of the Plaintiff's subject claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint

> Thomas J. Morgan, Jr., Esquire
> **MORGAN LAW GROUP, P.A.**
> *Attorneys for Plaintiffs*
> 55 Merrick Way, Suite 404
> Coral Gables, Florida 33134
> Phone: 305.569.9900
> Fax    : 305.443.6828
>
> BY: */s/ Thomas J. Morgan, Jr.*
>       Thomas J. Morgan, Jr.

Filing # 23528567 E-Filed 02/09/2015 02:07:03 PM

                                        IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 15-713-CA-01 (05)

NEIL PERELLO,

    Plaintiff,

v.

AMERICAN SECURITY INSURANCE COMPANY,

    Defendant.

## NOTICE OF APPEARANCE & DESIGNATION OF EMAIL ADDRESSES

NOTICE IS HEREBY GIVEN that the law firm of Wargo & French LLP hereby enters its appearance as counsel on behalf of Defendant American Security Insurance Company, and requests that all pleadings, motions, and other papers be served on the undersigned at the address provided below.

Additionally, pursuant to Rule 2.516(b)(1)(A) of the Florida Rules of Judicial Administration, the undersigned hereby designates the following e-mail addresses for the purpose of service of all documents in this proceeding:

    Primary E-mail Address:      flservice1@wargofrench.com

    Secondary E-mail Address:   flservice2@wargofrench.com

CASE NO. 15-713-CA-01 (05)

Respectfully submitted,

**WARGO & FRENCH, LLP**
*Counsel for Defendant American Security Insurance Company*
201 S. Biscayne Boulevard, Suite 1000
Miami, Florida 33131
Telephone: (305) 777-6000
Facsimile: (305) 777-6001
Email: pjuster@wargofrench.com
Service: flservice1@wargofrench.com

By: _____
PAUL J. JUSTER
Florida Bar No. 84375

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served **via E-Service** upon: **Thomas J. Morgan, Jr., Esq.**, Morgan Law Group, P.A., Counsel for Plaintiff at [*mlg.eservice@yahoo.com*] on February 9th, 2015.

_____
PAUL J. JUSTER

2